**SAFETY NATIONAL CASUALTY CORPORATION, Plaintiff–Appellant,**

v.

**AMERICAN SPECIAL RISK INSURANCE COMPANY; A–Best Products, Inc.; Cincinnati Insurance Company; QPC Inc; Safepro, Inc.; National Safety Apparel, Inc.; Charles L. Grossman; Stonewall Insurance Company, Defendants–Appellees.**

No. 02–3752.

United States Court of Appeals, Sixth Circuit.

April 9, 2004.

---

Before: SILER and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

COOK, Circuit Judge.

Safety National Casualty Corporation appeals the district court's decision dismissing its cause of action for failure to present a justiciable controversy. We affirm.

I

Safety provided excess insurance coverage to A–Best, a former manufacturer of heat-protective clothing containing asbestos fibers. In 1997, Safety entered into an agreement with A–Best's other excess insurers–American Special Risk Insurance Company, Cincinnati Insurance Company, and Stonewall Insurance Company–to settle the case *American Special Risk Insurance Co. v. A–Best Products, Inc.*, 975 F.Supp. 1019 (N.D.Ohio 1997) (declaratory judgment action interpreting one excess insurance contract). The settlement agreement apportioned potential liability among the excess insurers, and also provided that the parties would submit any disputes concerning the agreement to binding arbitration.

In 2001, a lawsuit filed in Ohio state court, *Schmidt v. A–Best Products*, asserted wrongful death and survivorship claims against A–Best and also alleged that A–Best, along with QPC, Safepro, National Safety Apparel, and Charles L. Grossman, participated in fraudulent transfers to keep assets hidden from asbestos claimants. Safety contends that its insurance coverage extends only to A–Best's asbestos-related liability and does not include the alleged fraudulent conveyances. To establish non-coverage for the fraudulent transfer claims, Safety brought this suit seeking to compel arbitration among A–Best's excess insurers, as well as the defendants in the *Schmidt* case.

The defendants in this case moved to dismiss Safety's complaint on the ground that no ripe, justiciable controversy exists because the *Schmidt* court stayed the fraudulent conveyance claims pending a determination whether sufficient insurance funds existed to cover any wrongful death or survivorship judgment against A–Best. Moreover, the defendants argued–and Safety did not dispute–that any judgment against A–Best was unlikely to exceed the limits of the insurance policies. Furthermore, A–Best was not then (nor is it now)

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

facing fraudulent conveyance claims from any plaintiffs other than those in *Schmidt*. The district court agreed that Safety's action was not ripe for review and granted the defendants' motion to dismiss.

## II

This court reviews de novo a decision to dismiss for lack of ripeness. *See, e.g., Kruse v. Vill. of Chagrin Falls, Ohio*, 74 F.3d 694, 697 (6th Cir.1996).

Safety argues that the district court (1) misinterpreted Safety's suit as seeking a declaratory judgment rather than an order to compel arbitration; (2) should have ordered the parties to arbitrate; and (3) should not have considered the merits of *Schmidt* in deciding the motion to dismiss. The three errors Safety alleges share a common flaw: a failure to recognize that under the Federal Arbitration Act, a district court may consider a petition to compel arbitration only if the court otherwise has jurisdiction over the action. 9 U.S.C. § 4 (stating that a district court may compel arbitration if that court "would have jurisdiction ... of the subject matter of a suit arising out of the controversy between the parties"). Safety seems to believe that its desire to arbitrate the issue of its liability for fraudulent conveyance claims against A–Best suffices to confer jurisdiction on the district court to decide Safety's motion to compel arbitration. Federal court jurisdiction, however, requires a "case" or "controversy" that is definite and concrete, not hypothetical or abstract. U.S. Const. Art. III, § 2; *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Moreover, a federal court should refrain from reviewing issues that are not ripe. *See Young v. Klutznick*, 652 F.2d 617, 625–26 (6th Cir.

1981); 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 3532.1 (1995) ("The central perception is that courts should not render decisions absent a genuine need to resolve a real dispute.").

Here, the issue whether Safety has a duty to defend or indemnify A–Best in fraudulent conveyance suits is not ripe for adjudication, given that (1) the *Schmidt* court stayed the fraudulent conveyance claims; (2) any judgment against the *Schmidt* defendants would likely not exceed the insurance limits, so there exists no need to decide any fraudulent conveyance claims; and (3) no other plaintiffs have filed fraudulent conveyance claims against A–Best. Thus, any assessment of Safety's obligations would likely be advisory–or, applying the standard the Supreme Court set forth in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), the controversy between the parties is not of "sufficient immediacy and reality." Accordingly, the district court properly dismissed Safety's action.

## III

For the foregoing reasons, we affirm the district court's order of dismissal.[1]

---

1. Although defendants moved for dismissal under Rule 12(b)(6), the district court should have dismissed under Rule 12(b)(1). We do not find, however, that this error changes the appropriateness of the decision to dismiss.